UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERN L. SPOOLSTRA,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMEIRCA,<br><br>                Defendant. | Case No. 3:12-cv-00340-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion to Reconsider Memorandum Decision and Order (Dkt. 16).

## BACKGROUND

Spoolstra owns property along the east bank of the Clearwater River near Grangeville, Idaho. In 1950 and 1957, Spoolstra's predecessors in interest, the Dufurs, granted to the United States two easements across Spoolstra's property. *See Spoolstra v. United States* ("*Spoolstra III*"), Case No. 3:12-cv-00340-BLW, *Compl.* Dkt. 1, Attach. A-C. It is undisputed that the 1950 easement covers U.S. Forest Service Road 475 from the site of the old Cox Sawmill and running east across Spoolstra's property. *Id*. The central issue of the parties' dispute, in this suit and the previous suit, is whether the 1950 easement extends from the Cox Sawmill in a southerly direction along a switchback to

the east bank of the Clearwater River ("the disputed area"), thereby giving the public access to the Nez Perce National Forest beyond. Compare *Spoolstra v. United States* ("*Spoolstra I*"), Case No. 3:01-cv-00619 (D. Idaho 2001), Dkt. 82 at 4-5, with *Spoolstra III*, *Compl*. Dkt. 1 at 3-4.

In this Court, Spoolstra's first suit ended following a two-day bench trial presided over by Circuit Judge Thomas G. Nelson, sitting by designation. *Spoolstra I*, Dkt. 82 at 2, 20. Judge Nelson found that the origin of the 1950 easement was the east bank of the Clearwater River, and not the Cox Sawmill site as Spoolstra contended. *Id*. at 7. Judge Nelson based his finding on (1) the fact that the Forest Service and Dufurs intended the easement to serve as a "connecting link" between Road 475 and the 1957 easement and (2) and the testimony of Ms. Cox, of the Cox Sawmill, who stated that when the Forest Service questioned whether they had an easement extending to the river's bank, "they came down to straighten that out." *Id*. at 7-8.

Evidence was also introduced in the course of the trial of the government's use of the disputed area. For example, the Forest Service used the switchback "as part of its routine maintenance of the Nez Perce National Forest lands" for more than 40 years. *Id*. at 6.

Based on his finding and the evidence regarding the government's use, Judge Nelson held that the United States obtained an easement over the disputed area either by the terms of the 1950 assignment or by prescription. *Id*. at 12-13. Judge Nelson ordered the government to file with the court a proposed judgment reflecting his holding along

with an exhibit showing the location of the government's easements. *Id*. at 20. The government complied by filing a map prepared by Anthony Bachman, a certified U.S. Forest Service land surveyor. *Spoolstra III*, Dkt. 11-2 at 2, 5. Spooltra appealed the adverse judgment to the Ninth Circuit. *Spoolstra v. United States* ("*Spoolstra II*"), 298 F. App'x. 577 (9th Cir. 2008).

However, the circuit court never reached the merits of the case. Instead, the court raised the issue of subject matter jurisdiction *sua sponte*. *Id*., Dkt. 28. Following briefing from the parties, the court vacated the judgment in Spoolstra I and dismissed the case for lack of subject matter jurisdiction. *Id*. at 578. The court reasoned that, because "[b]oth easements were recorded, and the government's use was open, notorious and adverse after 1950 and before 1989" – more than twelve years before Spoolstra filed his complaint – the action was barred by the Quiet Title Act's twelve-year limitations provision. *Id*. at 578-79. That fact deprived the court of jurisdiction to hear Spoolstra's suit. *Id*. at 579.

Spoolstra filed his complaint in this action on July 5, 2012. *Spoolstra III*, Dkt. 1. He alleges that by recording the second survey six years earlier, the government attempted to "create new rights that exceed the scope of the 1950 and 1957" easements by extending the easement between the east bank of the Clearwater River and the site of the old Cox Sawmill. *Id*. at 3-4. In response, the government filed its motion to dismiss, arguing that the Court lacks subject matter jurisdiction and that Spoolstra's claim is barred by claim preclusion. Dkt. 1.

The Court determined that because Spoolstra failed to allege that the government has expanded its use within the past twelve years, Spoolstra's claim is barred by the Quiet Title Act's twelve-year limitation period. The Court therefore lacks jurisdiction over Spoolstra's suit. The Court noted, however, that Spoolstra may amend his complaint if he could properly allege that the 2006 survey expanded the government's use beyond the disputed area between the riverbank and the Cox Sawmill. Instead of filing a motion to amend, Spoolstra filed his motion to reconsider.

## LEGAL STANDARD

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress.  The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979).  While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone.  Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## ANALYSIS

Spoolstra has not come forward with with newly discovered evidence, shown that the Court committed clear error, or shown an intervening change in controlling law. Instead, Spoolstra suggests that the Court "effectively" validated findings from the previous case. He then argues why the Court should address those issues here.

However, the Court's decision was much more simple; the Court determined that, as the Ninth Circuit found in Spoolstra III , both the 1950 easement and the 1957 easement "were recorded, and the government's use was open, notorious and adverse after 1950 and before 1989." Thus, Spoolstra's predecessors in interest had actual and constructive notice of the government's claim to the disputed area no later than 1989 – more than twelve years before this action was filed. Accordingly, this suit, like that one,

**MEMORANDUM DECISION AND ORDER - 5**

must be dismissed for lack of subject matter jurisdiction because it is barred by the Quiet Title Act's twelve-year limitations provision.

But the Court will give Spoolstra one last opportunity to amend his complaint if he can allege in good faith that, in the past twelve years, the government has expanded its open, notorious, and adverse use of the easement beyond the original disputed area. He will have 20 days from the date of this Order to do so. If he cannot make this claim in good faith and merely seeks to re-litigate his right to the disputed area, his Complaint will be dismissed with prejudice. Another motion to reconsider will not toll that 20-day limit.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Reconsider Memorandum Decision and Order (Dkt. 16) is **DENIED**. If Spoolstra does not amend his Complaint within twenty (20) days from the date of this Order, the Court will enter a further order dismissing the case with prejudice.

DATED: October 31, 2013

B. Lynn Winmill
Chief Judge
United States District Court